IN THE UNITED STATES DISRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DARRYL DANA THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 3:21-082 |
| | ) | |
| KAREN THOMAS, Unit Manager, and | ) | |
| JACOB BEASLEY, Deputy Warden of | ) | |
| Security, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REFERRING AND CONTINUING MEDIATION**

The Court hereby CONTINUES the mediation before the Honorable Susan D. Barrett from April 30, 2024 at 9:00 a.m. to **May 13, 2024 at 9:00 a.m.** in the United States Bankruptcy Courthouse, 600 James Brown Boulevard, Augusta, Georgia, 30901.  Personal appearance by the parties is required to increase the efficiency and effectiveness of the mediation by reducing the time for communication of offers and expanding the ability to explore options for settlement.  A party representative with full settlement authority shall appear in person.  If any party is insured for the claims at issue, a representative of the insurer with full settlement authority shall also appear in person.

Each party shall submit, in confidence, a concise statement of the evidence the party expects to produce at trial, via email to **Mediation_SDB@gas.uscourts.gov** or by U.S. Mail to **Susan Barrett, P.O. Box 1504, Augusta, GA, 30901** on or before **April 29, 2024**. The statements should include: the relevant statutory/case law, an analysis on the strengths and weaknesses of your case, an outline of the settlement negotiations to date, and other matters you deem relevant.  The statements should also include the name of each individual

attending the mediation and in what capacity that person is attending.

The mediation will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the mediator in confidence will be kept confidential and will not be disclosed to any other party. The parties agree, by participating in the settlement conference, that any statements made or presented during the conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings. However, the mediator will share the results of mediation with the presiding District and Magistrate Judges, including in the event of an unsuccessful mediation the last offers of the parties, the resulting gap mediation could not bridge, and her assessment of whether additional mediation efforts may be successful.

The parties, through counsel, should be prepared to begin the mediation with a brief presentation outlining the factual and legal highlights of the case. Separate, confidential caucuses will be held with each party. Attached is an outline to be reviewed prior to the mediation to make the best use of the limited time allotted.

Upon successful conclusion of the mediation, the Court will require the parties to execute the attached Settlement Terms Sheet.

SO ORDERED this 27th day of March, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

**[END OF DOCUMENT]**

AO 72A
(Rev. 8/82)

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following points, some of which may not apply, to aid in the effectiveness of your settlement conference.

A. FORMAT

  1. Parties with ultimate settlement authority must be personally present. If this is not possible, you must notify the mediator in advance and discuss the alternatives.

  2. The Court will use a mediation format, and private caucusing with each side; the mediator may address your client directly. The mediator will not meet with parties separate from counsel.

B. ISSUES

  1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument? What is your weakest position?

  2. What remedies are available resulting from this litigation? From a settlement?

  3. Is there any ancillary litigation pending or planned which affects case value? What about liens?

C. CASE LAW/STATUTORY AUTHORITY

  1. Are there key case law/statutory authority supporting your position?

D. NEGOTIATIONS

  1. What value do you want to start with? Why? Have you discussed this with your client?

1

2. What value do you want to end with? Why? Have you discussed this with your client? If it is significantly different from values you have placed on this case at other times, does your client understand why?

3. Is there confidential information which affects case value? Why should it not be disclosed? How can the other side be persuaded to change value if it does not have this information?

4. What happens if you do not settle the case at conference? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

E. CLOSING

1. How soon could checks/closing documents be received?

2. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want the Court involved in these talks?

3. If settlement is not reached, be prepared to discuss it again at the pretrial conference.

AO 72A
(Rev. 8/82)

# **SETTLEMENT TERM SHEET**

**CASE NAME:**_____

**CIVIL ACTION NO**:_____

1. **CONSIDERATION**

    Amount:_____          Due Date: Specify in § 5

    Made Payable To:_____

    Payment From:_____

    Form of Payment:      __ Trust Account Check        __ Certified or Cashier's Check

    　　　　　　　　　　  __ Wire                       __ Other_____

    Payment Terms, if any:_____

    _____

    Are there any third party liens to be paid out of settlement:

    ___ No     ___ Yes: Lienholder and amount to be paid:_____

2. **ADDITIONAL SETTLEMENT TERMS, IF ANY**:_____

    _____

3. **ADMISSION OF LIABILITY AND SCOPE OF RELEASE(S)**

    Admission of Liability?         ____Yes         ____ No

    **Scope of Released Parties:**

    ___ Release of Defendant(s) Only *(including, for corporate defendants, all parents, subsidiaries, affiliates, officers, directors, employees, agents, and attorneys)*

    ___Global Release of All Parties - Plaintiff(s) and Defendant(s) *(including, for corporate defendants, all parents, subsidiaries, affiliates, officers, directors, employees, agents, and attorneys)*

    ___ Other: _____

1

**Scope of Released Claims:**

   \_\_\_ Limited:  All claims arising out of the same transaction or occurrence as the subject matter of the civil action, whether asserted or unasserted

   \_\_\_ Global:  All claims of any nature regardless of whether they arise out of the same transaction or occurrence as the subject matter of the civil action, whether asserted or unasserted

   \_\_\_ Other:_____

4. **CONFIDENTIALITY**

   Are Settlement Terms Confidential?   \_\_\_\_\_ Yes   \_\_\_\_\_ No

   If Confidential, What Can be Said Publicly?

      \_\_\_\_ Dispute Amicably Resolved
      \_\_\_\_ Nothing
      \_\_\_\_ Other_____

   Exceptions to Confidentiality:

      \_\_\_\_ Attorneys, Tax Advisors
      \_\_\_\_ Immediate Family Members
      \_\_\_\_ As Otherwise Required by Law
      \_\_\_\_ Other:_____

5. **SCHEDULE**

   Formal Agreement to be Prepared by:  _____

   And Sent to Other Parties on or Before:  _____

   Other Parties to Respond on or Before:  _____

   Final Agreement Signed on or Before:  _____

   Payment Issued on or Before:  _____

   Dismissal Filed on or Before:  _____

6. **EFFECTIVE DATE AND SETTLEMENT AUTHORITY**

This agreement is binding immediately and not contingent upon execution of a formal settlement agreement.

      Each party representative affirms by signing below full authority to enter into this settlement on behalf of the party.

AGREED TO THIS _____ DAY OF _____, 20\_\_\_\_ .

[signatures on following page]

| **PLAINTIFF** | **COUNSEL FOR PLAINTIFF** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name/Title | Print Name |

| **PLAINTIFF** | **COUNSEL FOR PLAINTIFF** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name/Title | Print Name |

| **DEFENDANT** | **COUNSEL FOR DEFENDANT** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name/Title | Print Name |

| **DEFENDANT** | **COUNSEL FOR DEFENDANT** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name/Title | Print Name |

| **DEFENDANT** | **COUNSEL FOR DEFENDANT** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name/Title | Print Name |